**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

| | | |
|---|---|---|
| **JAMES CALVIN HENNINGS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **No. 1:25-cv-01299-STA-jay** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
ORDER OF DISMISSAL
ORDER ON APPEAL ISSUES**

---

Before the Court is Movant James Calvin Hennings's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1), as amended (ECF No. 4) on January

20, 2026 ("the Amended § 2255 Motion"). The government has filed an Answer (ECF No. 12) and

an Amended Answer (ECF No. 19), denying the allegations of the Hennings' Amended § 2255

Motion. For the reasons set forth below, the Court **DENIES** Hennings's Amended § 2255 Motion.

**BACKGROUND**

Hennings has two criminal judgments against him in this District: a conviction for

conspiracy to possess with the intent to distribute 50 grams or more of actual methamphetamine

(case no. 1:23-cr-10044-STA) and possession of contraband in a prison in violation of 18 U.S.C.

§ 1791 (no. 1:25-10018-STA). The Court held sentencing hearings and entered separate judgments

in both cases on July 8, 2025. Hennings appealed the judgment against him in 1:23-cr-10044. *See*

Notice of Appeal, July 15, 2025 (ECF No. 144, no. 1:23-cr-10044).

Hennings' Amended § 2255 Motion challenges his conviction in his other case for

1

possessing contraband in a prison, case no. 1:25-10018. Amended § 2255 Motion 1 (ECF No. 4) (stating that Hennings's offense was "possession of contraband in prison by a federal inmate," his sentence was 10 months' incarceration, and that his case number was 1:25-cr-10018-STA). Hennings did not appeal his conviction in case no. 1:25-cr-10018. In fact, the whole basis for his motion to vacate the conviction is Hennings's claim that trial counsel was ineffective because she failed to follow Hennings' instructions to appeal the Court's judgment in case no. 1:25-cr-10018.

By way of background, the government initiated its prosecution against Hennings in case no. 1:25-cr-10018 through an information. The information accused Hennings of illegally possessing a phone while he was an inmate in the custody of the Shelby County Division of Corrections in Memphis, Tennessee. Hennings waived his right to an indictment and consented to the prosecution against him on the basis of the information. Waiver of Indictment, Mar. 25, 2025 (ECF No. 3, no. 1:25-cr-10018). Hennings entered a guilty plea on the charge at a hearing before the undersigned on March 25, 2025.

In anticipation of sentencing, the United States Probation Office prepared the presentence report (the "PSR") (ECF No. 9, no. 1:25-cr-10018). According to the PSR, the statutory maximum sentence for Hennings's possessory crime was 1 year of imprisonment. The PSR calculated a total adjusted offense level of 4 and a criminal history category of V. *Id.* at ¶ 71. Based on an offense level of 4 and a criminal history category of V, the Guidelines range for Hennings's offense was 4 months to 10 months of incarceration. Hennings through appointed counsel filed objections to the PSR (ECF No. 6, 7) as well as a position paper on the PSR (ECF No. 8). Hennings had no objections to the facts stated in the PSR or the PSR's calculations of the appropriate Guidelines range for his offense. Hennings requested a sentence of 4 months and asked the Court to make his sentence run concurrently with any sentence imposed against him in case no. 1:23-cr-10044.

The Court held a sentencing hearing on July 8, 2025. After hearing argument from counsel and allocution from Hennings, the Court adopted the findings of the PSR and analyzed the sentencing factors set forth in 18 U.S.C. § 3553(a). The Court sentenced Hennings to 10 months, to be served consecutive to his sentence in case no. 1:23-cr-10044, and one year of supervised release. Judgment (ECF No. 13, no. 1:25-cr-10018) was entered the same day. Hennings did not appeal. Hennings remains in the custody of the Bureau of Prisons, BOP register number 74442-510. The BOP projects his release date as May 10, 2047.

Hennings raises just one issue in his Amended § 2255 Motion. Ground 1 alleges that Hennings's trial counsel was ineffective for failing to file a notice of appeal when Hennings asked her to do so. Hennings admits trial counsel advised him about an appeal and took the position he had no grounds for an appeal in case no. 1:25-cr-10018.

The government has responded in opposition to Hennings's Amended § 2255 Motion.[1] As part of its Amended Answer, the government submitted an affidavit from Hennings' trial attorney, Assistant Federal Public Defender Dianne M. Smothers, Esq. (ECF No. 19-1). Ms. Smothers stated in her affidavit that she acted as trial counsel for Hennings in both of the criminal cases against him. According to Ms. Smothers, she met with Hennings after his sentencing hearing in a holding cell area adjacent to the courtroom. Ms. Smothers advised him that there were no objections to the PSR's Guidelines calculation for his sentence in case no. 1:25-cr-10018, and so Hennings had no grounds to appeal his sentence in that case. In Ms. Smothers' opinion, the sentence imposed was

---

[1] The United States of America filed an initial Answer to the Amended § 2255 Motion (ECF No. 12) on February 19, 2026. The government argued that the Court should dismiss the Amended § 2255 Motion because Hennings' criminal case was still on direct appeal. But the Court ordered the government to file an amended response because the government's pleading did not address the fact that Hennings was challenging his conviction in case no. 1:25-10018-STA, not in no. 1:23-cr-10044.

within the Guidelines range and the Court had exercised its discretion to make the sentences in Hennings's two cases run consecutively to each other.

The affidavit goes on to state that Ms. Smothers wrote to Hennings on July 10, 2025, two days after the sentencing hearing. Ms. Smothers attached her correspondence to her affidavit. Ms. Smothers's letter dated July 10, 2025, enclosed copies of the judgments against Hennings in each of his criminal cases. Ms. Smothers reminded Hennings of the appeal waiver in case no. 1:23-cr-10044 and opined that the waiver would likely block relief on appeal. Ms. Smothers's letter also stated that the sentence in case no. 1:25-cr-10018 was within the Guidelines range, the defense had raised no objections to the calculation of the range, and therefore, "no issues existed which could be raised on direct appeal."

Ms. Smothers's affidavit states that on Friday, July 11, 2025, Hennings called her and informed her he wanted to file an appeal in case no. 1:23-cr-10044. Ms. Smothers told Hennings she would file the appeal and reminded him about the appeal waiver in his plea agreement in that case. According to Ms. Smothers's affidavit, Hennings told her during the phone conversation that he only wanted to appeal the judgment in case no. 1:23-10044. Ms. Smothers made notes about the phone conversation and specifically noted that Hennings had only directed her to appeal the conviction in case no. 1:23-10044. Ms. Smothers followed up with an email on Monday, July 14, 2025, to her administrative assistant and also to the appellate attorney in the Federal Public Defender's office, to notify them Hennings wanted to file a direct appeal case no. 1:23-cr-10044 but not case no. 1:25-cr-10018.

Ms. Smothers filed the notice of appeal in case no. 1:23-cr-10044 on July 15, 2025, and prepared and sent Hennings a letter the same day with a copy of the notice of appeal. Ms. Smothers wrote to Hennings one more time in a letter dated July 18, 2025. Ms. Smothers wrote to inform

4

Hennings that she had filed a motion to withdraw as counsel on appeal and explained that she could "not proceed with the direct appeal given the procedural posture of the case."

## STANDARD OF REVIEW

A petitioner seeking § 2255 relief "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (citation omitted). A movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion*, 43 F.4th at 578 (citation omitted)).

The Sixth Amendment guarantees criminal defendants "the right . . . to have the Assistance of Counsel for [their] defence." U.S. Const. am. VI. The right to counsel includes "the right to the effective assistance of counsel." *Garza v. Idaho*, 586 U.S. 232, 237 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The Supreme Court has described the right to effective assistance of counsel as "a bedrock principle" and the "foundation for our adversary system" of criminal justice. *Martinez v. Ryan*, 566 U.S. 1, 12 (2012). "[T]he Sixth Amendment's requirement that defendants receive 'the effective assistance of competent counsel' extends to all critical stages of a criminal proceeding." *Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023) (quoting *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019)). A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is cognizable under § 2255. *Gilbert*, 64 F.4th at 770 (citing *Massaro v. United States*, 538 U.S. 500, 504, 508–09 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "a

5

fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to carry his burden and show that he was deprived of his right to counsel, Hennings "must show deficient performance by counsel and resulting prejudice to the defendant." *Griffin*, 330 F.3d at 736 (citing *Strickland*, 466 U.S.at 687, 694). First, to demonstrate deficient performance, Hennings "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 at 690. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

Then, to demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

## ANALYSIS

In the only ground for relief to be decided, Hennings alleges that Ms. Smothers provided ineffective assistance when she did not appeal the Court's judgment in case no. 1:25-cr-10018. The Supreme Court has held that an attorney provides ineffective assistance "if, after consulting with his client, he disregards specific instructions from his client to file a notice of appeal"—"a purely ministerial task." *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000)). If a § 2255 movant can show that his trial counsel failed to appeal "either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived of the appellate proceeding altogether if there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* (citing *Roe*, 528 U.S. at 483–84).

The Court holds that Hennings has not carried his burden to show an entitlement to relief. The first issue presented is whether the Court must convene an evidentiary hearing to decide Hennings's claim. Section 2255 indicates: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon[.]" 28 U.S.C. § 2255(b); *see also* Rules Governing § 2255 Proceedings, Rule 4(b). The Sixth Circuit has "interpreted this statutory language (and the accompanying procedural rules) to require a hearing only if a prisoner meets a standard analogous to the summary-judgment test by creating a legitimate dispute over a legally important fact." *Wallace v. United States*, 43 F.4th 595, 606–07 (6th Cir. 2022) (citations omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal

7

quotation marks omitted)). Courts routinely hold evidentiary hearings to decide § 2255 motions raising a claim of ineffective assistance of counsel for an attorney's failure to file an appeal. *Pola*, 778 F.3d at 532 (holding that an evidentiary hearing is "mandatory unless the record conclusively shows that the petitioner is entitled to no relief").

Even so, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine*, 488 F.3d at 333). Hennings's is one of those cases. Hennings's trial counsel, Ms. Smothers, has provided a detailed affidavit along with copies of her correspondence with Hennings. A court reviewing a § 2255 motion is not required to conduct an evidentiary hearing when a movant's "self-serving statements in an affidavit [ ] are contradicted by a credible version of events in an affidavit from his trial counsel." *United States v. Walls*, 2008 WL 927926, at *12 (E.D. Ky. Apr. 4, 2008); *see also Cummings v. United States*, 84 F. App'x 603, 2003 WL 23140049 (6th Cir. 2003) (affirming denial of § 2255 motion when district court credited trial counsel's affidavit stating that defendant had not asked him to file appeal); *Garner v. United States*, 2006 WL 2585066 (E.D. Tenn. 2006) (affirming denial of § 2255 motion, crediting counsel's affidavit that defendant did not request appeal over contrary statement of defendant that he requested appeal).

An evidentiary hearing is not needed to make a determination of the issues because Hennings's conclusory claim is belied by the rest of the evidence presented in Ms. Smothers's affidavit. The full extent of Hennings's allegation concerning an appeal in case no. 1:25-cr-10018 reads as follows:

> Counsel was ineffective because she failed to file [sic] appeal although Hennings asked her to and believed she would file it. On 7/8/25 Hennings was sentenced on this case, Hennings met with his attorney before leaving the courthouse, He advised his attorney that he wanted her to file an appeal on his behalf. She did not file the

8

appeal, [sic] Attorney told Hennings he had nothing to appeal, no grounds to appeal on so there for [sic] no appeal was filed on Hennings [sic] behalf. Counsel was ineffective for not properly filing his appeal, She didn't protect his appellate rights.

Am. § 2255 Mot. 5, Jan. 20, 2026 (ECF No. 4). Hennings has plausibly alleged that he and Ms. Smothers discussed the filing of an appeal, though the Amended § 2255 Motion arguably does not specify whether Hennings wanted an appeal in case no. 1:25-cr-10018.

Assuming Hennings means he wanted to appeal in case no. 1:25-cr-10018, the rest of the record fills in the gaps and by doing so contradicts Hennings's claim about instructing Ms. Smothers to file an appeal. Ms. Smothers's affidavit establishes that she did discuss the filing of an appeal, not just in case no. 1:25-cr-10018 but also in case no. 1:23-cr-10044. Ms. Smothers advised Hennings about the merits of an appeal in both of the criminal matters against him, including the fact that Hennings had waived his right to appeal in case no. 1:23-cr-10044. Ms. Smothers also advised Hennings that in her opinion there were no grounds for an appeal in case no. 1:25-cr-10018. Ms. Smothers explained that the defense had not raised any objection to the Guidelines calculation in case no. 1:25-cr-10018, the Court had sentenced Hennings within the Guidelines range, and the Court had exercised its discretion about whether to run the sentence consecutively or concurrently to Hennings's sentence in case no. 1:23-cr-10044. At the conclusion of their conference at the courthouse, Ms. Smothers confirmed Hennings's intention to proceed with the appeal in case no. 1:23-cr-10044 and clarified that she would not file an appeal in case no. 1:25-cr-10018.

This evidence shows that while Hennings's claim about directing Ms. Smothers to file an appeal is true, as far it goes, Hennings's allegation does not tell the full story. Hennings directed Ms. Smothers to file an appeal in case no. 1:23-cr-10044. Furthermore, the record shows that Ms. Smothers followed Hennings' directions in case no. 1:23-cr-10044. Ms. Smothers filed a timely

9

notice of appeal in case no. 1:23-cr-10044. Notice of Appeal, July 15, 2025 (ECF No. 144, no. 1:23-cr-10044).[2] Ms. Smothers has shown, however, that at the end of the post-sentencing conference, Hennings did not direct her to appeal his sentence in case no. 1:25-cr-10018.

Ms. Smothers kept Hennings informed of several subsequent developments, in each instance clarifying or reminding him that no appeal was being taken in case no. 1:25-cr-10018. Ms. Smothers wrote to Hennings two days after his sentencing and their courthouse discussion about his appeal options. According to her correspondence, Ms. Smothers mailed Hennings copies of the written judgments in both cases. Ms. Smothers's letter restated her opinions about the effect of the appeal waiver in case no. 1:23-cr-10044 and the lack of appealable issues in case no. 1:25-cr-10018.

Ms. Smothers then received a phone call from Hennings the very next day, July 11, 2025. During the phone conversation, Hennings restated his wish to file an appeal in case no. 1:23-cr-10044. Ms. Smothers agreed to file the appeal and again reminded Hennings about the appeal waiver in his plea agreement. Ms. Smothers has stated under oath that Hennings told her during the July 11 phone call that he only wanted her to appeal the judgment in case no. 1:23-10044. Ms. Smothers made a contemporaneous note about the call and Hennings's direction only to file the appeal in case no. 1:23-10044. The next business day after the call, Ms. Smothers emailed her administrative assistant and the FPD's appellate attorney, explaining to both that Hennings wanted to file a direct appeal in case no. 1:23-cr10044 and not case no. 1:25-cr-10018.

Finally, Ms. Smothers wrote to Hennings on July 15, 2025, the same day she filed an appeal on his behalf in case no. 1:23-cr-10044. Ms. Smothers included a copy of the notice of appeal with

---

[2] The Court of Appeals recently granted a motion to dismiss Hennings' appeal in case no. 1:23-cr-10044 based on the appeal waiver found in his plea agreement. Order Dismissing Appeal, May 13, 2026 (ECF No. 159, no. 1:23-cr-10044).

her letter and once more restated her opinion about the effect of the appeal waiver in Hennings's plea agreement. Ms. Smothers wrote to Hennings one last time on July 18, 2025, informing him that she had filed a motion to withdraw as his attorney at the Court of Appeals.

The government has shown through Ms. Smothers's affidavit that Hennings did not instruct her to appeal the judgment in case no. 1:25-cr-10018. Ms. Smothers met with Hennings in person, wrote Hennings more than once, and spoke with him on the phone, all within a week of his sentencing.  At every step Ms. Smothers advised Hennings about his appeal rights. Ms. Smothers followed his wish to appeal his sentence in case no. 1:23-cr-10044. Hennings has offered no evidence to rebut these critical showings that Ms. Smothers carefully and repeatedly explained his options to Hennings and followed his instructions to file an appeal only in case no. 1:23-cr-10044. On this record, there is no genuine dispute about the fact that Hennings did not direct Ms. Smothers to file an appeal in case no. 1:25-cr-10018.

Likewise, there is no genuine dispute over whether Ms. Smothers should have consulted with Hennings about filing an appeal and yet failed to do so.  *Pola*, 778 F.3d at 534 (holding that the district court "erred by considering only whether [counsel] was ineffective in the event that [the defendant] did not expressly instruct his attorney to file an appeal").  "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question [is] . . . whether counsel in fact consulted with the defendant about an appeal." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). Here, "consult" means to advise "the defendant about the advantages and disadvantages of taking an appeal, and [to] mak[e] a reasonable effort to discover the defendant's wishes." *Id.* (quoting *Roe*, 528 U.S. at 478). Counsel only has a constitutional duty to consult when

11

"a rational defendant would want to appeal" or when "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* (quoting *Roe*, 528 U.S. at 480).

Hennings has not alleged that Ms. Smothers should have consulted with him about his wish to file an appeal and failed to do so. Even if he had, the record belies any such notion. The proof shows that Ms. Smothers advised Hennings about his appellate rights and the relative merits of an appeal in both of his cases. Nothing from this record suggests a rational defendant would have wanted to appeal in case no. 1:25-cr-10018. Hennings pleaded guilty to possessing a phone in the prison and received a sentence within the appropriate Guidelines range. *See Phillips v. United States*, No. 22-1742, 22-1743, 2023 WL 5499543, at *3 (6th Cir. May 25, 2023) (holding that a movant was not entitled a certificate of appealability on his claim that counsel was ineffective for failing to appeal where the defendant had pleaded guilty and waived his right to appeal). Therefore, no evidentiary hearing is required to decide Hennings's ineffective assistance claim.

Based on the undisputed facts, the Court holds that Hennings has not carried his burden to show that Ms. Smothers was ineffective by failing to file a notice of appeal in case no. 1:25-cr-10018. The proof and the entire record of the proceedings show that Hennings never instructed Ms. Smothers to appeal the judgment in case no. 1:25-cr-10018. Therefore, Hennings's Amended § 2255 Motion is **DENIED**. This case is dismissed. The Clerk of Court is directed to enter judgment.

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required

12

showing. 28 U.S.C. § 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons previously stated, Hennings's claims lack substantive merit, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952.

Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

13

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**.  If Hennings files a notice of appeal, he must also pay the full $605 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days (see Fed. R. App. P. 24(a)(4)-(5)).

   **IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  June 24, 2026.

14